No. 21-70009
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
_____

**RUBEN GUTIERREZ,**
  *Plaintiff-Appellee*,

v.

**FELIX SAUCEDA and LUIS SAENZ,**
  *Defendants-Appellants*.
_____

**On Appeal from the United States District Court
For the Southern District of Texas, Brownsville Division**
_____

**PLAINTIFF-APPELLEE'S OPPOSED MOTION TO PERMIT
SUPPLEMENTAL BRIEFING AND TO HOLD ORAL ARGUMENT**
_____

Plaintiff-Appellee Ruben Gutierrez, through undersigned counsel, respectfully requests that this Court permit the parties to file supplemental briefing and hold oral argument following the Supreme Court's remand. In support of this request, Mr. Gutierrez shows the following:

1. This case is pending on appeal from the district court following remand from the Supreme Court. *Gutierrez v. Saenz*, No. 23-7809 (June 26, 2025) (slip op.).

2. In September 2019, Mr. Gutierrez filed suit in the district court under 42 U.S.C. § 1983, challenging the constitutionality of Texas's post-conviction DNA testing procedures on various grounds. ROA.26. The district court denied most of the claims but issued a declaratory judgment ruling that Article 64 of the Texas Code of Criminal Procedure, as construed by the Texas Court of Criminal Appeals, violates due process by denying access to DNA evidence that would establish a petitioner's ineligibility for the death penalty but not his innocence of the underlying crime. ROA.2218. The district court held that because Texas grants death-sentenced prisoners a right to challenge their eligibility for the death penalty via a subsequent habeas petition, Texas's denial of DNA testing procedures that would allow a prisoner to vindicate that right violates due process. ROA.2216–17. Defendants appealed. ROA.3185.

3. On appeal, this Court ruled that Mr. Gutierrez lacked standing to pursue his § 1983 claim. ECF No. 126-1 at 14. This Court did not address the timeliness of Mr. Gutierrez's claim or the claim's merits. *Id.* at 6.

4. After granting certiorari, the Supreme Court reversed, holding that Mr. Gutierrez has standing to pursue his § 1983 claim. *Gutierrez*, No. 23-7809, slip op. at 14. The Court remanded, *id.*, and the questions of timeliness and the merits are again before the Court.

5. Mr. Gutierrez respectfully asks that this Court permit supplemental briefing and oral argument to address new developments bearing on the timeliness and merits of his claim since the parties last briefed those issues in this Court. The parties last submitted briefing to this Court almost three years ago, in August 2022. Further developments in this case as well as the issuance of new and relevant precedent from this Court and the Supreme Court since that time merit further briefing and argument from the parties to assist this Court in its resolution of the remaining issues in the case.

6. First, the Supreme Court decision in this case has refined the remaining issues now pending before this Court. While the question of standing is not coterminous with the merits of a claim, *see Davis v. United States*, 564 U.S. 229, 249, n.10 (2011), the parties' Supreme Court briefing, and the Court's opinion, have helped sharpen the contours of Mr. Gutierrez's due process claim, which bears on both the timeliness and the merits of the claim. *See, e.g.*, *Gutierrez*, No. 23-7809, slip op. at 9–10 n.2 (holding that Mr. Gutierrez's due process claim encompasses the state court's refusal to consider new evidence proffered for the first time in his 2019 DNA testing motion). Supplemental briefing and argument incorporating the subsequent Supreme Court developments would assist the Court in addressing those issues.

7. Second, this Court decided *Reed v. Goertz*, 136 F.4th 535 (5th Cir. 2025), after it issued its opinion in this case. Mr. Reed, like Mr. Gutierrez, alleged under § 1983 that Texas's post-conviction DNA testing procedures violate due process. *Id.* at 544. Although Mr. Gutierrez pled a different theory of how Article 64 violates due process, this Court's resolution of Mr. Reed's claims bears on the merits analysis here. The parties thus should have the opportunity to address *Reed*'s application to this case through supplemental briefing and argument.

8. Additionally, in *Reed v. Goertz*, 598 U.S. 230 (2023), the Supreme Court addressed both Reed's standing to bring his § 1983 claims as well as the timeliness of those claims. *Reed* was decided by the Supreme Court after the parties in this case submitted briefing to this Court. This Court should permit supplemental briefing and argument to address *Reed*'s statute-of-limitations holding as it applies to this appeal.

9. This Court has granted supplemental briefing and argument on remand from the Supreme Court in other cases. *See, e.g.*, Order (May 23, 2023) (per curiam), *Reed v. Goertz*, No. 19-70022; Order (June 7, 2022) (Elrod, J.), *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, No. 19-50354.

10. The Supreme Court is expected to issue a certified copy of the opinion and judgment by July 28, 2025. *See* Sup. Ct. R. 45.3 ("The copy of the opinion or order and judgment will be sent 32 days after entry of the judgment, unless the

Court or a Justice shortens or extends the time, or unless the parties stipulate that it be issued sooner."). Mr. Gutierrez respectfully proposes that Appellants submit a supplemental brief of up to 8000 words within forty days of the Supreme Court's issuance of a certified copy of its judgment; that Mr. Gutierrez submit a supplemental brief of up to 8000 words within thirty days of the filing of Appellants' supplemental brief; and that Appellants submit a supplemental reply brief of up to 4000 words within twenty-one days of the filing of Mr. Gutierrez's supplemental brief. *Cf.* Fed. R. App. P. 31(a)(1). Mr. Gutierrez proposes that the case then be set for oral argument in the ordinary course.

# CONCLUSION

WHEREFORE, Mr. Gutierrez respectfully requests that this Court order supplemental briefing and oral argument to address the issues remaining in this case following the Supreme Court's remand.

Respectfully submitted,

/s/ Anne Fisher
Anne Fisher
Assistant Federal Defender
Federal Community Defender Office for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928 0520
Annie_Fisher@fd.org


Counsel for Plaintiff-Appellee

Dated: July 8, 2025

## Certificate of Compliance with Rule 27(d)

I do hereby certify that this motion complies with Fed. R. App. Proc. 27(d)(2)(A) in that it contains 915 words, Microsoft Word 2010, Times New Roman, fourteen points.

/s/ Anne Fisher
Anne Fisher

## Certificate of Compliance with ECF Filing Standards

I do hereby certify that: (1) all required privacy redactions have been made pursuant to Fifth Circuit Rule 25.2.13; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus-scanning program and is free of viruses.

/s/ Anne Fisher
Anne Fisher

## Certificate of Conference

I, Anne Fisher, hereby certify that I have conferred with the following counsel for Appellants, who indicated that both Appellants oppose this motion:

Cameron Fraser (counsel for Appellant Luis Saenz and Felix Sauceda).

/s/ Anne Fisher
Anne Fisher

# Certificate of Service

    I, Anne Fisher, hereby certify that on this 8th day of July, I served the foregoing motion on the following persons by ECF filing:

Cameron Fraser
Jefferson David Clendenin
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548

Edward Sandoval
Assistant District Attorney
Cameron County
964 E. Harrison Street
Brownsville, Texas 78569-0586

Lena Cherie Chaisson-Munoz
City Attorney's Office for the City of Brownsville
1001 E. Elizabeth Street
Brownsville, TX 78520

/s/ Anne Fisher
Anne Fisher